# WARSHAW LAW FIRM, LLC

**Julie M.W. Warshaw, Esq. *~^**
jwarshaw@warshawlawfirm.com

**Mildred V. Spiller, Esq. ***
mspiller@warshawlawfirm.com

---------------------------------
Licensed in New Jersey *
Licensed in New York ~
Licensed in Massachusetts ^

MAILING ADDRESS:
P.O. Box 276
Liberty Corner, New Jersey 07938
Phone: (973) 433-2121
Fax: (973) 439-1047
www.warshawlawfirm.com

OFFICE LOCATION:
220 Davidson Avenue,
Suite 124
Somerset, New Jersey
08873

September 13, 2023

**Via electronic filing**
Office of the Clerk
United States Court of Appeals for the Third Circuit
601 Market Street
Philadelphia, PA 19106-1790

**Re: East Brunswick Board of Education v. D.S., et. al.**
**Case No. 23-2558**

Dear Sir or Madam:

This office represents the Defendants/Appellees in the above referenced matter. This letter is in response to the Court's Order directing the parties to set forth their positions as to whether this Court has "authority over the appeal" and whether or not Judge Martinotti's summary judgment decision is a final Order ripe for an appeal. It is Defendants/Appellees' position that the matter is not yet ripe for appeal as the Federal District Court did not yet decide with finality the issues raised in Defendants' Counterclaim.

As this Court has noted, Defendants' Counterclaim has not been fully adjudicated and Judge Martinotti's Order has not yet been certified under Federal Rule of Civil Procedure 54(b). Defendants' Counterclaim requested in Count One under the IDEA, that the District Court award them attorney's fees and costs as the prevailing party. Under Count Two of Defendants' Counterclaim, under Section 504 Defendants requested that they be reimbursed for their expert fees and costs. Count Three of Defendants' Counterclaim requested under Section 1983, that the District Court enforce the entirety of Judge Crowley's January 5, 2021, Final

Decision including reimbursement for tuition and costs associated with A.S.'s placement at the Lewis School, 50 hours of compensatory education, and being declared the prevailing party. With the exception of payment of the tuition and transportation, these issues have not yet been adjudicated.

Judge Martinotti's Order dated August 31, 2023, states that Defendants may file a motion for fees after the appeal, is contrary to His Honor's prior two Court Orders, [Case No: 2:21-cv-08279, ECF Doc. Nos. 17 and 35], with which Plaintiff still has not complied. It also appears to be a stay by the Court of the pending case in Federal Court without any request for a stay being filed by Plaintiff. Rewarding Plaintiff for its non-compliance with Court Orders and for its delay tactics of filing meritless appeals, is contrary to the purpose of the IDEA and it further prejudices Defendants as the prevailing party.

In addition, Judge Martinotti's summary judgment Opinion dated July 28, 2023, [Case No. 2:21-cv-08279, ECF Doc. No. 60 and 61] did not address the issue of reimbursement of Defendants' expert fees, which was contained in Count Two of Defendants' Counterclaim. Thus, it cannot be said to have been adjudicated. In fact, Judge Martinotti's only mention of Defendants' expert fees was on page 29 in His Honor's Opinion, wherein it stated, "Defendants failed to provide the Court with the information necessary to determine a reasonable compensation for the time their attorneys and experts spent working on this case." At the time that Defendants had filed their motion for summary judgment, they did not know if they would prevail or not, thus, it was premature to file a complete and separate motion for fees and costs and Defendants' Counterclaim requesting expert fees under Section 504 had not yet been addressed. Since Judge Martinottis' decision on summary judgment, Defendants filed a motion for reconsideration on the issue of attorney's fees and costs and Judge Martinotti denied said request for reconsideration but allowed Defendants to file a motion for fees and costs after the appeal. This claim cannot be said to have been adjudicated.

Finally, the award of 50 hours of compensatory education is contained in Count Three of Defendants' Counterclaim and despite Judge Martinotti's denial of Plaintiff's request for a stay of Judge Crowley's Final Decision, and subsequent

Orders to immediately comply with said final order, Plaintiff still has not provided the 50 hours of compensatory education. Thus, this issue remains outstanding.

An aggrieved party generally has the right to appeal if the District Court enters a final order or judgment (28 U.S.C. § 1291). A "final decision" is generally one "that ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." See Hall v. Hall, 138 S. Ct. 1118, 1123-24, 200 L. Ed. 2d 399 (2018); Crystallex Int'l Corp. v. Bolivarian Republic of Venez., 24 F.4th 242, 249, (3d 2022). Pursuant to 28 U.S.C. 1291, "The courts of appeals (other than the United States Court of Appeals for the Federal Circuit) shall have jurisdiction of appeals from all final decisions of the district courts of the United States."

In the present case, it is Defendants/Appellees' position that Judge Martinotti's summary judgment decision is not yet a final decision and thus this Court currently does not have jurisdiction to hear the issues raised by Appellant. The District Court did not state that the decision was final and there are matters pending that directly affect Defendants' Counterclaims. For these reasons an appeal to the Third Circuit of Appeals is not appropriate at this time.

Thank you for your courtesy and attention to this matter.

Respectfully Submitted,

By: _/s/ Julie Warshaw, Esq._
Julie Warshaw, Esq.

cc:    Jodi S. Howlett Esq. (Electronic Filing)
D.S. and M.S. (Via Email)